UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>LONG NGUYEN, et al.,<br><br>    Defendants. | Case No. 21-cv-10066-JSC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFAULT JUDGMENT, ATTORNEYS' FEES, AND COSTS**<br><br>Re: Dkt. Nos. 47, 53, 63, 65. |

Plaintiff Meta, Inc. filed a complaint against Nguyen Van Nhut, Trung Hieu Nguyen, Adman Duong, Pham Van Linh, and Long Nguyen (collectively, "Defendants"), requesting relief due to Defendants' "account takeover attack" on Plaintiff's platform, Facebook. (Dkt. No. 1.) This Court has reviewed Magistrate Judge Sallie Kim's report and recommendation to grant Plaintiff's motions for default judgment and to grant in part Plaintiff's request for injunctive relief. (Dkt. No. 63.) Judge Kim recommends Plaintiff be granted relief in the form of $16,600,000.00 in damages and an injunction *specific* to the harm suffered. (*Id.*) The time for objections has passed. *See* Fed. R. Civ. P. 72(b)(2). No party filed an objection.

**I.     Report and Recommendation**

The Court has carefully considered Judge Kim's report and recommendation. The Report thoroughly examines the basis for federal subject-matter jurisdiction and personal jurisdiction. (Dkt. No. 63.) The Court notes the forum selection clause alleged to establish personal jurisdiction in this matter has been updated since its examination in *Facebook, Inc. v. Sahinturk*, No. 20-CV-08153-JSC, 2022 WL 1304471, at *3 (N.D. Cal. May 2, 2022). The forum selection clause presently at issue establishes personal jurisdiction over defendants adequately and unambiguously. *See Facebook, Inc. v. Solonchenko*, No. 21-CV-08230-LB, 2022 WL 18491616,

at *3 (N.D. Cal. Dec. 29, 2022), report and recommendation adopted, No. C 21-8230 WHA, 2023 WL 420677 (N.D. Cal. Jan. 26, 2023) ("the clause now unambiguously reflects the defendant's consent to personal jurisdiction"). Additionally, the Report thoroughly reviews the adequacy of service, including the necessity of alternative service on Defendants. (Dkt. No. 63.) And the Report found the *Eitel* factors favor default judgment as to all Defendants. (*Id.*)

Upon consideration of the report and recommendation, the Court finds Judge Kim's determinations as to default judgment, damages, and injunctive relief are well-reasoned and thorough. Accordingly, the Court GRANTS the motion for default judgment and ADOPTS Judge Kim's report and recommendation with respect to these elements.

As Judge Kim did not address attorney's fees and costs, the Court does so below.

## II. Attorney's Fees and Costs

### A. Attorneys' Fees

Under California Penal Code § 502, a prevailing party is entitled to recover attorneys' fees. Cal. Penal Code 502(e)(2) ("In any action brought pursuant to this subdivision the court may award reasonable attorneys' fees"); *Facebook, Inc. v. Sluchevsky*, 2020 WL 5823277, at *10 (N.D. Cal. Aug. 28, 2020). Where California state law claims are at issue, federal district courts apply the law of the forum state unless "it conflicts with a valid federal statute or procedural rule." *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1017 (N.D. Cal. 2010). As no conflicting law is present, California law applies.

Plaintiff requests $126,555.50 in attorneys' fees. The lodestar method is the appropriate method for evaluating Plaintiff's request for attorneys' fees, which is "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). In determining whether a plaintiff's requested fees are reasonable, the Court considers the experience, skill, and reputation of the attorneys requesting fees, and the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

Plaintiff filed a memorandum and supporting declaration from attorney Ann Marie Mortimer in support of its motion for attorneys' fees. (Dkt Nos. 66, 66-1.) Plaintiff's request for attorneys' fees was calculated according to a timesheet outlining the billable hours spent on the matter. Plaintiff's counsel attests they kept "daily electronic records" of time. (Dkt. No. 66-1 at 1.) Plaintiff seeks to recover reasonable attorneys' fees for only the work of attorney Brandon M. Marvisi and does not seek to recover fees for the work performed by the two supervising attorneys in this action. (Dkt. No. 66 at 4.) Mr. Marvisi's timesheet yields the following totals:

- 102.4 hours in 2022, at $630.00 per hour, and
- 249.7 hours in 2023 at $755.00 per hour.

(Dkt. Nos. 65-3, 66-1.)

Plaintiff's request for fees is limited to 50% of the hours worked by Mr. Marvisi, an attorney who has "more than three years of litigation experience, including many widely publicized cybersecurity, data privacy, and computer fraud actions." (*Id.* at 4.) Pursuant to the aforementioned rates, Plaintiff seeks to recover $126,555.50 for 51.2 hours worked in 2022 and 124.9 hours worked in 2023. (Dkt. No. 66.)

Reasonable hourly rates in the Northern District of California are comparable to Mr. Marvisi's rates. (Dkt. No. 66-1 ¶ 7); *Facebook, Inc. v. ILikeAd Media Int'l Co. Ltd.*, No. 19-CV-07971-SK, 2022 WL 2289064, at *6 (N.D. Cal. Feb. 1, 2022) (finding counsel's rates "reasonable in light of the prevailing rates in this District and the attorneys' experience" in a similar action). Therefore, the hourly rates at issue are reasonable considering prevailing regional rates and the attorneys' experience.

Counsel's hours billed are also reasonable. Counsel represents the work performed throughout this litigation included: preparing motions to continue case management conferences and case management statements, (Dkt. Nos. 14, 23, 35), researching and drafting a motion for alternative service, (Dkt. No. 37), researching and drafting a motion to strike, (Dkt. No. 39), and researching, drafting, and arguing three motions for default judgment, (Dkt. Nos. 30, 47, 53). (Dkt. Nos. 66 at 4-7, 66-1 ¶ 3.) Plaintiff filed multiple motions for default judgment in this case, (Dkt. Nos. 30, 47, 53), and is requesting recovery for half the hours actually worked by only one

3

of the three attorneys dedicating time to this matter. (Dkt. No. 66); *ILikeAd Media Int'l Co. Ltd.*, 2022 WL 2289064, at *6 (finding "no more than 142.5 hours (half the time actually spent) on the motion for default judgment" a reasonable request in a similar action). A review of the timesheet and declaration filed in support of this motion show there are no redundancies or duplicate entries in the timesheet. Thus, the hours billed are reasonable.

Accordingly, Plaintiff has demonstrated its request for attorneys' fees in the amount of $126,555.50 is reasonable.

## II. Costs

Plaintiff seeks $10,491.13 in costs. (Dkt. No. 66 at 9.) Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to costs. Plaintiff requests an award for "filing fees, courier fees, and costs incurred in attempting to effect service though the Hague Convention." (*Id*. at 9-10.)

| Description | Amount |
| --- | --- |
| Filing Fee | $402.00 |
| Courier Fees | $149.63 |
| Costs Incurred in Attempt to Effect Service Through Hague Convention, Including Translation to All Initial Court Filings into Vietnamese | $9,939.50 |
| Total: | $10,491.13 |

(*Id*.)

Courts have found similar costs are reasonable, given "the nature of the case, specifically the requirements imposed by international service and the Hague Convention." *Sluchevsky*, 2020 WL 58232277 at *11; *ILikeAd*, 2022 WL2289064, at *7. Thus, Plaintiff's total costs are appropriate.

\* \* \*

For the aforementioned reasons, the Court awards Plaintiff the full amount of requested attorneys' fees and costs, totaling $126,555.50 and $10,491.13. A separate judgment will issue.

This Order disposes of Docket Nos. 47, 53, 63, and 65.

**IT IS SO ORDERED.**

Dated: October 10, 2023

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States District Judge